IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HERMAN T. CLARK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-08-05-C |
| | ) |
| JUSTIN JONES, DIRECTOR, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

Mr. Herman Clark sues under 42 U.S.C. § 1983, alleging violations of the federal constitution and state law. Defendants Jones and Workman[1] move for dismissal or summary judgment. According to the Plaintiff, prison officials committed a deprivation of procedural due process in connection with placement of a "hold" on his prison trust fund account. Civil Rights 42 U.S.C. Section 1983 Jury Trial Demanded or Trial by Judge or Magistrate at pp. 2-4 (Jan. 2, 2008) ("Complaint"); Amended Plaintiff's Objection and Response to Defendants' Motion to Dismiss/Motion for Summary Judgment and Brief at pp. 1-2, 4-5, 8, 11, 13-18, 27 (June 4, 2008) ("Plaintiff's Objection").[2] Mr. Clark has sued Messrs. Jones and

---

[1]   In a telephone conference, Mr. Clark clarified that he did not intend to name the Department of Corrections as a defendant. *See* Courtroom Minute Sheet (June 3, 2008).

[2]   In the complaint, Mr. Clark states that the hold on his prison account "prevents his purchase of food, hygiene and stamps" and that he "has the right to protection from unhygienic conditions and the responsibility to abide by department and facility rules and regulations to eat properly and follow a shower schedule." Complaint at p. 2. The Defendants interpret these statements to reflect a claim involving the Eighth Amendment. *See* Motion to Dismiss/Motion for Summary Judgment and Brief in Support at pp. 5-7, 18-20 (Apr. 25, 2008) ("Defendants' Dispositive Motion"). But in his objection, Mr. Clark clarifies that he had not intended to assert an Eighth Amendment claim. Plaintiff's Objection at pp. 8, 12.

Workman in their individual capacities for damages and in their official capacities for declaratory and injunctive relief. Complaint at p. 2. The Court should:

- dismiss the official capacity claims for declaratory relief under the Eleventh Amendment,

- dismiss the individual capacity claims for damages based on a failure to plead facts indicating personal participation by Messrs. Jones and Workman,

- grant summary judgment to the Defendants on the official capacity claims for a permanent injunction, and

- defer consideration of whether to exercise supplemental jurisdiction over the state law claims.

I.  OFFICIAL CAPACITY CLAIMS FOR DECLARATORY AND INJUNCTIVE RELIEF: DISMISSAL UNDER THE ELEVENTH AMENDMENT

Mr. Clark has sued Messrs. Jones and Workman in their official capacities, seeking declaratory relief and a permanent injunction. *See supra* pp. 1-2. The Defendants argue that the Eleventh Amendment forecloses relief on these claims.[3] Defendants' Dispositive Motion

---

In his objection, the Plaintiff also argues that the due process violation involved retaliation for his exercise of rights under the First Amendment. *Id.* at pp. 19-24. The new allegations could be viewed as a potential request to amend the complaint. *See Martinez v. Potter*, 347 F.3d 1208, 1211 (10th Cir. 2003). But even if the Court were to view the new allegations differently, the suggested rulings would allow Mr. Clark to amend the complaint. *See infra* pp. 9, 12. As a result, the Court need not decide whether to treat the retaliation allegations as a request for leave to amend. If Mr. Clark chooses to amend the complaint, he can add a retaliation claim.

[3]  The Defendants also argue that the Eleventh Amendment applies to the claim for damages. Defendants' Dispositive Motion at p. 24. But Mr. Clark seeks damages against the Defendants only in their personal capacities, and the Eleventh Amendment would not apply. Complaint at p. 2; *see Duncan v. Gunter*, 15 F.3d 989, 991-92 (10th Cir. 1994) (holding that the Eleventh Amendment does not bar actions against state officers in their individual capacities).

at p. 24.[4]   The Defendants are correct with respect to the claim for declaratory relief. However, Messrs. Jones and Workman are not entitled to Eleventh Amendment immunity on the request for injunctive relief.

     A.     <u>Eleventh Amendment Immunity</u>

The Eleventh Amendment precludes suit in federal court against a State by citizens of another state or by the State's own citizens.  *See Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356, 363 (2001).  When a state official is named as a defendant, the Eleventh Amendment continues to bar the action "if the state is the real, substantial party in interest." *Frazier v. Simmons*, 254 F.3d 1247, 1253 (10th Cir. 2001).

---

[4]    In seeking dismissal, the Defendants cite Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  Defendants' Dispositive Motion at p. 24.  In other jurisdictions, courts have disagreed about whether they should consider Eleventh Amendment immunity under Rule 12(b)(1) or 12(b)(6). *See Andrews v. Daw*, 201 F.3d 521, 525 n.2 (4th Cir. 2000) ("Our cases have been unclear on whether a dismissal on Eleventh Amendment immunity grounds is a dismissal for failure to state a claim under Rule 12(b)(6) or a dismissal for lack of subject matter jurisdiction under Rule 12(b)(1)."). Courts also differ on whether the standards for dismissal under Rules 12(b)(1) and 12(b)(6) are the same. *Compare Moore v. PaineWebber, Inc.*, 189 F.3d 165, 169 n.3 (2d Cir. 1999) ("the standards for reviewing dismissals granted under 12(b)(1) and 12(b)(6) are identical"), *and Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992) (*per curiam*) (stating that the "same standard" applies in review of dismissals for failure to state a claim under Rule 12(b)(6) and for lack of subject-matter jurisdiction under Rule 12(b)(1)), *with Growth Horizons, Inc. v. Delaware County*, 983 F.2d 1277, 1281 n.4 (3d Cir. 1993) ("Colafella and Kehr Packages explicitly state that the standard for dismissal under [Rules 12(b)(1) and 12(b)(6)] is different.").  However, the potential difference in standards would not affect the outcome on the Defendants' Eleventh Amendment challenge.

B.  Distinction Between Retrospective and Prospective Relief

For the official capacity claims against Messrs. Jones and Workman, the applicability of the Eleventh Amendment turns on whether the Plaintiff is seeking prospective or retrospective relief. *See Frazier v. Simmons*, 254 F.3d 1247, 1253 (10th Cir. 2001). Recovery of retrospective remedies is generally unavailable in federal court under the Eleventh Amendment. *See id.*

Remedies are considered "retrospective" when they are designed to compensate individuals for past violations or to indirectly encourage compliance with federal law through deterrence. *See Papasan v. Allain*, 478 U.S. 265, 277-78 (1986). This principle applies if the desired relief would involve damages or a remedy which would be tantamount to damages and entail fiscal consequences for the state treasury. *See id.* at 278.

C.  The Claims for Declaratory Relief

The prayer for declaratory relief would involve retrospective relief because Mr. Clark is simply requesting a declaration that the Defendants had committed wrongdoing in the past. Complaint at p. 4; *see Green v. Mansour*, 474 U.S. 64, 74 (1985); *see also Meiners v. University of Kansas*, 359 F.3d 1222, 1232 (10th Cir. 2004) (upholding the district court's conclusion that claims for "retrospective declaratory relief are barred by the Eleventh Amendment").

An exception exists when Eleventh Amendment immunity has been waived by the state or abrogated by Congress. *See Chaffin v. Kansas State Fair Board*, 348 F.3d 850, 866

(10th Cir. 2003). But the State of Oklahoma has not waived its Eleventh Amendment immunity. *See* Okla. Stat. tit. 51 § 152. 1(B) (2001) ("it is not the intent of the state to waive any rights under the Eleventh Amendment to the United States Constitution"). And Congress did not abrogate Oklahoma's Eleventh Amendment immunity through the enactment of Section 1983. *See Quern v. Jordan*, 440 U.S. 332, 345 (1979). Thus, the Eleventh Amendment forecloses any cause of action against Messrs. Jones and Workman for declaratory relief in their official capacities. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 120 (1984). The Court should dismiss these claims without prejudice to refiling. *See Divine Church of God and Christ v. Taxation & Revenue Department*, 116 F.3d 1489, 1997 WL 355326, Westlaw op. at 2 (10th Cir. June 27, 1997) (unpublished op.) (remanding with instructions to dismiss claims, without prejudice, based on the Eleventh Amendment).

        D.      <u>The Claims for a Permanent Injunction</u>

In contrast, the injunction claims are not subject to Eleventh Amendment immunity.

Official capacity claims for equitable relief are not ordinarily subject to the Eleventh Amendment when they are prospective. *See Ex parte Young*, 209 U.S. 123, 159-60 (1908); *Ellis v. University of Kansas Medical Center*, 163 F.3d 1186, 1196 (10th Cir. 1998). Relief is considered "prospective" when it is "designed to end a continuing violation of federal law [and is] necessary to vindicate the federal interest in assuring the supremacy of that law." *Green v. Mansour*, 474 U.S. 64, 68 (1985).

The Plaintiff seeks an order enjoining the current hold on his trust account. Complaint at p. 5. If Mr. Clark can establish liability, the requested relief would terminate an ongoing violation of federal law and vindicate the federal interest in assuring the supremacy of federal law. As a result, the requested relief would be considered "prospective" and fall outside of the Eleventh Amendment. In these circumstances, the Court should reject the argument for dismissal by Messrs. Jones and Workman, in their official capacities, on the claims for injunctive relief.

## II.   PERSONAL CAPACITY CLAIMS FOR DAMAGES:  FAILURE TO ALLEGE PERSONAL PARTICIPATION

The recommended dismissal under the Eleventh Amendment would leave damage claims against the Defendants in their individual capacities. The Court should dismiss these claims because the Plaintiff has not alleged a factual basis to infer participation by either defendant.

### A.   Standard for Dismissal

Dismissal for failure to state a valid claim is proper only if the Plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1974 (2007). The well-pleaded factual allegations in the complaint must be accepted as true and construed in the light most favorable to the Plaintiff. *See Bryson v. Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990). A *pro se* complaint like Mr. Clark's must be broadly construed under this standard. *See Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002).

B.   Application to the Plaintiff's Allegations

Liability under Section 1983 exists only if the defendant had participated in the constitutional violation. The participation can be direct or indirect,[5] and Mr. Clark relies on indirect involvement through the supervisory roles of the Warden and Director of the Department of Corrections ("DOC").[6] Even broadly construed,[7] however, the complaint does not include any facts which would suggest supervisory liability on the part of the Warden or DOC Director. As a result, the Court should grant the motion to dismiss. With dismissal of the complaint, however, the Court should permit Mr. Clark to amend in light of the possibility that he could cure the pleading defect.

Under Section 1983, a supervisor cannot incur strict liability based solely on a subordinate's constitutional violation. *See Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir. 1996) (stating that strict supervisory liability does not exist under Section 1983). Instead, civil liability exists only for the supervisor's "own culpable involvement" in the constitutional violation. *Serna v. Colorado Department of Corrections*, 455 F.3d 1146, 1151 (10th Cir. 2006) ("Supervisors are only liable under § 1983 for their own culpable involvement in the violation of a person's constitutional rights."). Thus, "it is not enough for a plaintiff merely to show a defendant was in charge of other state actors who actually

---

[5]   *See Snell v. Tunnell*, 920 F.2d 673, 700 (10th Cir. 1990) ("For liability under section 1983, direct participation is not necessary.").

[6]   Complaint at p. 2; Plaintiff's Objection at p. 26.

[7]   *See supra* p. 6.

committed the violation." *Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir. 1996). Instead, the Plaintiff must allege facts suggesting "active participation or acquiescence of the supervisor in the constitutional violation by the subordinates." *Serna v. Colorado Department of Corrections*, 455 F.3d 1146, 1151 (10th Cir. 2006) (citations omitted). Such participation or acquiescence cannot be based on "'a mere right to control employees.'" *Id.* at 1153 (citation omitted).

> The complaint did not contain any such allegations. There Mr. Clark merely alleged:
>
> Defendant, Justin Jones, is the Director of the Oklahoma Department of Corrections and assumes responsibilities of his predecessor. He is legally responsible for the overall operation pursuant to Title 57 O.S. Sections 507 and 510;[8] and each institution under its jurisdiction, including all the actions of his subordinates, all departments and Lexington Correctional Center where Plaintiff is confined.
>
> . . .
>
> Defendant, Randall Workman, is the Warden of Lexington Correctional Center. He is legally responsible for all the operations of Lexington Correctional Center including the actions of his subordinate employees and for the welfare of all the inmates of that prison.

---

[8]   The Plaintiff's reference to the Oklahoma statute does not support civil liability.

In certain circumstances, a supervisor may incur civil liability when his breach of a state law resulted in a constitutional violation. *See Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988) (in the absence of a supervisor's creation of an unconstitutional policy or custom, "a plaintiff must show that the supervisory defendant breached a duty imposed by state or local law which caused the constitutional violation" (citation omitted)).

The Plaintiff refers to the DOC Director's statutory role as a supervisor under Okla. Stat. tit. 57 § 510. *See supra* text accompanying note. But in the complaint, Mr. Clark does not suggest any breach of the DOC Director's statutory duties or a connection between a specific duty in the state law and the alleged constitutional injury.

Complaint at p. 2.[9]  But "[s]upervisor status alone is insufficient to support liability" under Section 1983.  *Grimsley v. MacKay*, 93 F.3d 676, 679 (10th Cir. 1996) (citations omitted); *see also Mitchell v. Maynard*, 80 F.3d 1433 (10th Cir. 1996) (substantially similar quotation).  In these circumstances, the Court should dismiss the individual capacity claims for damages based on a failure to allege personal participation.  *See Beedle v. Wilson*, 422 F.3d 1059 (10th Cir. 2005).[10]  However, the dismissal should be without prejudice and with leave to amend because the defect is potentially curable.[11]

---

[9]  In his objection, Mr. Clark continues to base the Defendants' liability on their supervisory status:

> The Defendants are responsible for their employees under the supervisory standards stated in objection 9.  Mr. Jones is the Director and executive officer of the Department of Corrections and has the power and duties to supervise the activities of the Department and to act for the Department in all matters.  Mr. Jones has the power and duty to appoint, subject to the approval of the State Board of Corrections, a warden and to fix duties to the warden.

Plaintiff's Objection at p. 26 (citations omitted).

[10]  In *Beedle v. Wilson*, the plaintiff sued under Section 1983, claiming supervisory liability of a nurse for batteries committed by a nurse's aide.  *See Beedle v. Wilson*, 422 F.3d at 1073.  The Tenth Circuit Court of Appeals upheld dismissal of this claim.  *Id*. at 1073-74.  In doing so, the appeals court acknowledged that liberal construction of the complaint would permit an inference involving the nurse's supervisory capacity over the nurse's aide.  *Id*. at 1074.  But the appellate court went on to conclude that the complaint did not refer to any personal direction, actual knowledge of the underlying constitutional violation, or intentional or deliberate actions of the supervisor against the plaintiff.  *Id*.  The nurse's supervisory status alone was "insufficient to state a claim" under Section 1983.  *Id.*

[11]  *See Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990); *see also Jones v. Barry*, 33 Fed. Appx. 967, 972-73 (10th Cir. Apr. 25, 2002) (unpublished op.) (reversing a judgment for the defendant, notwithstanding the failure to state a claim for supervisory liability in the complaint, because of the possibility that the plaintiff could amend his pleadings to cure the defect).

III.   OFFICIAL CAPACITY CLAIMS FOR A PERMANENT INJUNCTION: LACK OF IRREPARABLE INJURY

The suggested rulings would leave Mr. Clark's official capacity claims for a permanent injunction. But Messrs. Jones and Workman are entitled to summary judgment on these claims based on a lack of evidence involving irreparable injury.

    A.   Standard for Summary Judgment

Summary judgment is necessary when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When a summary judgment motion is filed, the Court "view[s] the evidence and draw[s] reasonable inferences in the light most favorable to the nonmoving party." *Zurich American Insurance Co. v. O'Hara Regional Center for Rehabilitation*, ___ F.3d ___, 2008 WL 2440525, Westlaw op. at 2 (10th Cir. June 18, 2008) (citation omitted). When only one reasonable outcome exists, summary judgment is necessary. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

    B.   Application to the Plaintiff's Evidence

For entry of a permanent injunction, the Plaintiff must show irreparable injury. *See Mesa Petroleum Co. v. Cities Service Co.*, 715 F.2d 1425, 1432, n.13 (10th Cir. 1983). An injury is "irreparable" only if it is "substantial," "irreparable," "clear," and "imminent." *Heron v. Denver*, 317 F.2d 309, 311 (10th Cir. 1963).

A state court imposed civil liability on Mr. Clark, and the DOC obtained a garnishment to satisfy the judgment. Complaint at pp. 2-3; Defendants' Dispositive Motion at pp. 3-4. Pending appeal of the civil action, prison officials placed a "hold" on Mr. Clark's prison account. *See* Defendants' Dispositive Motion at pp. 4-5. Mr. Clark has alleged a deprivation of procedural due process prior to the hold. Complaint at pp. 2-4; Plaintiff's Objection at pp. 1-2, 4-5, 8, 11, 13-18, 27. But the Plaintiff has not presented evidence of irreparable injury.

To date, prison officials are not garnishing the Plaintiff's account. Instead, the account has been "frozen," without release of any funds to the Plaintiff or the judgment creditor. Defendants' Dispositive Motion at pp. 4-5. Thus, the temporary "hold" on the account has not resulted in harm that could be considered "clear" or "imminent." *Supra* p. 10. In these circumstances, the Defendants are entitled to summary judgment on the official capacity claims for a permanent injunction. *See Heron v. Denver*, 317 F.2d 309, 311 (10th Cir. 1963) (upholding the denial of a permanent injunction when the plaintiff had failed to show that the threat of injury was substantial and irreparable).

IV.   STATE LAW CLAIMS: SUPPLEMENTAL JURISDICTION

In light of the recommended opportunity for the Plaintiff to amend, the Court should defer consideration of supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1367(c)(3) (permitting district courts to decline supplemental jurisdiction over state law

claims when "the district court has dismissed all claims over which it has original jurisdiction").

V.     SUMMARY OF RECOMMENDATIONS

The Eleventh Amendment provides immunity for the Defendants on the official capacity claims for declaratory relief, requiring dismissal without prejudice. The Court should also dismiss without prejudice the personal capacity claims for damages, as the Plaintiff has not alleged facts indicating personal participation. The Defendants are entitled to summary judgment on the official capacity claims for a permanent injunction.

On the personal capacity claims for damages, the Court should permit Mr. Clark to amend the complaint within twenty days of an order adopting the present report.

In light of the recommended leave to amend, the Court should defer consideration of supplemental jurisdiction over the state law claims.

VI.    NOTICE OF THE RIGHT TO OBJECT

The parties can object to the present report and recommendation. Any such objection must be filed with the Clerk of this Court by July 28, 2008. *See* W.D. Okla. LCvR 72.1. The failure to timely object would foreclose appellate review of the suggested rulings. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *cf. Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

VII.   STATUS OF THE REFERRAL

The referral is terminated. If the presiding district judge adopts the suggested rulings, the undersigned would recommend recommitment for consideration of any amendment to the complaint and issues involving supplemental jurisdiction over the state law claims.

Entered this 7th day of July, 2008.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge