IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HERMAN T. CLARK, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case Number CIV-08-05-C |
| JUSTIN JONES, Director, et al., | ) ) ) |
| Defendants. | ) |

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on the Report and Recommendation ("R&R") (Dkt. No. 29) entered by Magistrate Judge Robert Bacharach on July 7, 2008. Therein, Judge Bacharach recommended dismissal of the official capacity claims for declaratory relief under the Eleventh Amendment; dismissal of the individual capacity claims for damages based on failure to plead facts demonstrating personal participation by Defendants Jones and Workman; summary judgment in favor of Defendants on the official capacity claims for permanent injunction, and deferral of consideration whether to exercise supplemental jurisdiction over the state law claims.

Plaintiff timely filed an Objection to the R&R. However, that objection is insufficient to preserve any claims for review, and to some extent addresses issues not raised by the R&R. Plaintiff makes a general objection to the R&R and asserts that the Court can reject the R&R. This objection is inadequate as objections to an R&R must be specific. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996):

> [O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act that led us to adopt a waiver rule in the first instance. Therefore, we hold that a party's objections to the magistrate judge's

>report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review.

Thus, Petitioner has failed to trigger de novo review of any issue. The only other issue raised by Plaintiff asserts that he properly exhausted his claims as required by <u>Booth v. Churner</u>, 532 U.S. 731 (2001). However, the R&R raises no issue regarding exhaustion.

For the reasons set forth herein, the Court, adopts in its entirety the Report and Recommendation of Judge Bacharach. Plaintiff's official capacity claims for declaratory relief under the Eleventh Amendment are DISMISSED without prejudice; Plaintiff's individual capacity claims for damages against Defendants Jones and Workman are DISMISSED without prejudice; Defendants Jones and Workman are entitled to summary judgment on the official capacity claims for permanent injunction; and the Court will defer consideration of whether to exercise supplemental jurisdiction over Plaintiff's state law claims. A separate judgment shall issue at the close of these proceedings. To the extent Plaintiff wishes to pursue the claims dismissed without prejudice, he shall file an Amended Complaint within 30 days of the date of this Order. Failure to comply with this deadline will result in dismissal of the case.

IT IS SO ORDERED this 28th day of July, 2008.

ROBIN J. CAUTHRON
United States District Judge