IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

HERMAN T. CLARK,                    )
                                     )
            Plaintiff,               )
                                     )
v.                                   )        Case No. CIV-08-05-C
                                     )
LAVONNA BARTLING, *et al.*,          )
                                     )
            Defendants.              )

## REPORT AND RECOMMENDATION ON THE CLAIMS
## INVOLVING DEFENDANTS WILSON AND BARTLING

Mr. Clark has sued Mr. Leon Wilson and Ms. Lavonna Bartling under 42 U.S.C. §

1983[1] for denial of court access, retaliation for the exercise of First Amendment rights, and

deprivation of procedural due process under the Fifth and Fourteenth Amendments through

the placement of a "hold" on a prison trust fund account.[2]  The claims involve Mr. Wilson

and Ms. Bartling in their individual capacities for monetary and declaratory relief and in their

---

[1]     In the amended complaint, Mr. Clark also invoked the Religious Land Use of
Institutionalized Persons Act of 2000.  First Amended Complaint at p. 1 (Aug. 14, 2008) ("Amended
Complaint").  But Mr. Clark appeared to refer to the statute only as background for the events
involved in the suit.  *Id.* at pp. 2-3, 7.

[2]     Amended Complaint at pp. 2-8; Response to Defendant Workman's Motion to Dismiss,
*passim* (Sept. 11, 2008) ("Plaintiff's Response to Workman's Motion to Dismiss"); Response to
Defendnats [sic] Motion to Dismiss, *passim* (Nov. 14, 2008) ("Plaintiff's Response to Motion to
Dismiss by Wilson and Bartling").

official capacities for an injunction. Amended Complaint at pp. 3, 8. Mr. Wilson and Ms.

Bartling move for dismissal[3] and the Court should:

- grant Ms. Bartling's motion in its entirety and

- grant Mr. Wilson's motion in part and deny it in part.

I.    STANDARD FOR DISMISSAL

Dismissal for failure to state a valid claim is proper if the Plaintiff fails to plead

"enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007). The well-pleaded factual allegations

in the amended complaint must be accepted as true and construed in the light most favorable

to the Plaintiff. *See Bryson v. Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990). A *pro se*

complaint like Mr. Clark's must be broadly construed under this standard. *See Gaines v.*

*Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002).

II.   THE FIFTH AMENDMENT CLAIM

Mr. Clark alleges deprivation of due process, relying in part on the Fifth Amendment.

Amended Complaint at pp. 2, 6, 8; *see supra* p. 1. The Defendants urge dismissal of the

claim to the extent that it is based on the Fifth Amendment. The Court should grant this part

of the motion to dismiss.

---

[3]    Mr. Wilson and Ms. Bartling adopted the motion to dismiss that had been filed by Mr.
Randall Workman. Motion to Add Defendants to Motion to Dismiss (Oct. 31, 2008); *see* Motion
to Dismiss and Brief in Support (Aug. 25, 2008) ("Motion to Dismiss by Defendant Workman").

The Fifth Amendment Due Process Clause protects only against action by federal actors. *See Yanaki v. Iomed, Inc.*, 415 F.3d 1204, 1207 n.7 (10th Cir. 2005). State actors are subject to the Due Process Clause of the Fourteenth Amendment, rather than the Fifth Amendment. *See Ward v. Anderson*, 494 F.3d 929, 932 n.3 (10th Cir. 2007). Thus, the Fifth Amendment is inapplicable and the Court should dismiss the claim based on this amendment. The defect is not curable, and the dismissal should be with prejudice. *See Curley v. Perry*, 246 F.3d 1278, 1282 (10th Cir. 2001) (because no amendment could cure the defect, the district court properly dismissed the complaint with prejudice).

## III.    THE ELEVENTH AMENDMENT

In part, Mr. Clark seeks a permanent injunction against Mr. Wilson and Ms. Bartling in their official capacities. *See supra* pp. 1-2. The Defendants argue that the Eleventh Amendment forecloses relief on the injunction claim.[4] They are wrong.

---

[4]    In seeking dismissal, the Defendants rely on Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Motion to Dismiss by Defendant Workman at pp. 1, 12; *see supra* note 3. In other jurisdictions, courts have disagreed about whether they should consider Eleventh Amendment immunity under Rule 12(b)(1) or 12(b)(6). *See Andrews v. Daw*, 201 F.3d 521, 525 n.2 (4th Cir. 2000) ("Our cases have been unclear on whether a dismissal on Eleventh Amendment immunity grounds is a dismissal for failure to state a claim under Rule 12(b)(6) or a dismissal for lack of subject matter jurisdiction under Rule 12(b)(1)."). Courts also differ on whether the standards for dismissal under Rules 12(b)(1) and 12(b)(6) are the same. *Compare Moore v. PaineWebber, Inc.*, 189 F.3d 165, 169 n.3 (2d Cir. 1999) ("the standards for reviewing dismissals granted under 12(b)(1) and 12(b)(6) are identical"), *and Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992) (*per curiam*) (stating that the "same standard" applies in review of dismissals for failure to state a claim under Rule 12(b)(6) and for lack of subject-matter jurisdiction under Rule 12(b)(1)), *with Growth Horizons, Inc. v. Delaware County*, 983 F.2d 1277, 1281 n.4 (3d Cir. 1993) ("*Colafella* and *Kehr Packages* explicitly state that the standard for dismissal under [Rules 12(b)(1) and 12(b)(6)] is different."). However, the potential difference in standards would not affect the outcome on the Defendants' argument involving the Eleventh Amendment.

A.      Eleventh Amendment Immunity

The Eleventh Amendment precludes suit in federal court against a state. *See Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356, 363 (2001).  When state officials like Mr. Wilson and Ms. Bartling are named as defendants, the Eleventh Amendment continues to bar the action if the state remains the actual party in interest. *See Frazier v. Simmons*, 254 F.3d 1247, 1253 (10th Cir. 2001).

B.      Distinction Between Retrospective and Prospective Relief

For the official capacity claims, the applicability of the Eleventh Amendment turns on whether the Plaintiff is seeking prospective or retrospective relief. *See id.*  Official capacity claims for prospective equitable relief are not ordinarily subject to the Eleventh Amendment. *See Ex parte Young*, 209 U.S. 123, 159-60 (1908); *Ellis v. University of Kansas Medical Center*, 163 F.3d 1186, 1196 (10th Cir. 1998).  But recovery of retrospective remedies is generally unavailable in federal court under the Eleventh Amendment. *See Frazier v. Simmons*, 254 F.3d 1247, 1253 (10th Cir. 2001).

Relief is considered "prospective" when it is "designed to end a continuing violation of federal law [and is] necessary to vindicate the federal interest in assuring the supremacy of that law." *Green v. Mansour*, 474 U.S. 64, 68 (1985).  Remedies are considered "retrospective" when they are designed to compensate individuals for past violations or to indirectly encourage compliance with federal law through deterrence. *See Papasan v. Allain*,

478 U.S. 265, 277-78 (1986). This principle applies if the desired relief would be tantamount to damages and entail fiscal consequences for the state treasury. *See id.* at 278.

C.    The Claims for a Permanent Injunction

Mr. Clark seeks a permanent injunction to:

- remove the "hold" on his prison account and

- deduct 10% of the wages to satisfy the garnishment.[5]

Amended Complaint at p. 8. These claims involve prospective remedies and are not subject to Eleventh Amendment immunity.

The Defendants argue that the Plaintiff's requests are retrospective because they involve events that had already taken place. Motion to Dismiss by Defendant Workman at p. 10; *see supra* note 3. But Mr. Wilson and Ms. Bartling are mistaken because they confuse the claim with the remedy. The claim will always relate to past events because prior wrongdoing is necessary to create liability. The issue is whether the remedy, rather than the claim, is retrospective. *See supra* p. 4.[6]

---

[5]    The Plaintiff also seeks "[a] prospective injunction on Defendants's [sic] practice that attempts to defeat the preemptive effect of 42 U.S.C. Section 1983 by taking deductions resulting from this action[.]" Amended Complaint at p. 8. The nature of this request is unclear and the Plaintiff does not provide further explanation. Based on the lack of specificity, the Court should decline to entertain the request. *See* Fed. R. Civ. P. 65(d)(1)(B) ("Every order granting an injunction . . . must . . . state its terms specifically . . . .").

[6]    The Ninth Circuit Court of Appeals addressed the distinction in *Porter v. Jones*, 319 F.3d 483 (9th Cir. 2003). There the defendant argued the plaintiffs could "not, consistent with the Eleventh Amendment, adjudicate the legality of past conduct." *See Porter v. Jones*, 319 F.3d at 491. The court rejected the argument and explained:

(continued...)

The remedy would be prospective because Mr. Clark is seeking to alter the future handling of his account. *See Chaffin v. Kansas State Fair Board*, 348 F.3d 850, 867 (10th Cir. 2003).[7] Thus, the Court should reject the reliance by Mr. Wilson and Ms. Bartling on the Eleventh Amendment with regard to the official capacity claims for injunctive relief.[8]

## IV.   OFFICIAL CAPACITY CLAIMS FOR A PERMANENT INJUNCTION

As noted above, Mr. Clark seeks two forms of a permanent injunction:  (1) Removal of the freeze on his account; and (2) deduction of 10% of his wages. *See supra* p. 5. For these requests, the Defendants seek dismissal based in part on the failure to plead facts that

---

[6](...continued)
> This argument confuses liability with remedy.  Although Plaintiffs' allegations are rooted in events that occurred in the past, the injunctive and declaratory relief that they seek would prevent future and ongoing illegality.  The Eleventh Amendment poses no bar to Plaintiffs' claims for prospective relief.

*Id.* (footnote omitted).

[7]     In *Chaffin v. Kansas State Fair Board*, the defendant argued that the plaintiff was seeking retroactive relief. *See Chaffin v. Kansas State Fair Board*, 348 F.3d at 867.  The Tenth Circuit Court of Appeals rejected the argument, stating:

> The requirement [of prospective equitable relief] is not a game in semantics; rather, the "overriding question is . . . whether the relief will remedy future rather than past wrongs." As the [defendant] concedes that "Plaintiffs wish . . . to require Defendants to take additional steps in the future," we see this prong as easily satisfied.

*Id.* (citations omitted).

[8]     *See Skinner v. Govorchin*, 463 F.3d 518, 524 (6th Cir. 2006) (holding that the Eleventh Amendment did not prevent entry of an injunction to terminate an unlawful garnishment of an inmate's account).

would suggest irreparable harm.  Motion to Dismiss by Defendant Workman at p. 7; *see supra* note 3.  The Defendants' argument is persuasive.

A.     Test for a Permanent Injunction

A party requesting a permanent injunction must show that: (1) he has actually succeeded on the merits of the underlying claim; (2) he would suffer irreparable harm in the absence of the injunction; (3) the threatened injury to himself would outweigh the harm to the adversary from the injunction; and (4) the issuance of an injunction would not adversely affect the public interest.  *See Fisher v. Oklahoma Health Care Authority*, 335 F.3d 1175, 1180 (10th Cir. 2003).  "A permanent injunction cannot be granted if any of the four requirements has not been met."  *Utah Environment Congress v. U.S. Bureau of Land Management*, 119 Fed. Appx. 218, 220 (10th Cir. Dec. 15, 2004) (unpublished op.) (citation omitted).

B.     Irreparable Injury

Mr. Clark must show a facially valid basis to infer irreparable injury in the absence of an injunction.  *See supra* p. 7.  An injury is "irreparable" only if it is "substantial," "irreparable," "clear," and "imminent."  *Heron v. Denver*, 317 F.2d 309, 311 (10th Cir. 1963).  No such inference is plausible here.  *See supra* p. 2 (discussing the effect of plausibility on a motion to dismiss).

A state court imposed civil liability on Mr. Clark, and the Department of Corrections ("DOC") obtained a writ of garnishment to satisfy the judgment.  *See* Amended Complaint

at pp. 3-4. Pending appeal of the civil action, prison officials placed a "hold" on Mr. Clark's prison account. *See id.* at p. 4. Mr. Clark requests an injunction "to remove the freeze on [his] account." *Id.* at p. 8. But the Plaintiff has not alleged facts that would suggest irreparable injury.

To date, prison officials have not taken money out of Mr. Clark's account based on the garnishment. Instead, the account has been "frozen," without release of any funds to the Plaintiff or the judgment creditor. *Id.* at pp. 4-5. Thus, the temporary "hold" on the account has not resulted in harm that could be considered "clear" or "imminent." *See supra* p. 7.

According to Mr. Clark, Mr. Wilson's failure to deliver the exemption form prevented an opportunity to claim an exemption from the garnishment.[9] Mr. Clark's argument is based on a misunderstanding of the applicable Oklahoma statute. Under the statute, the clerk must attach a notice stating that the defendant "should" file a request for exemption within five days from receipt of the notice. Okla. Stat. tit. 12 § 1174(C) (2004 supp.). Once the five-day period ends, the defendant must claim an exemption by motion unless the parties otherwise agree. *See id.* ("Any proceeding to claim an exemption initiated subsequent to five (5) days after receipt of notice shall be by motion unless otherwise agreed by the parties.").

---

[9]      Plaintiff's Response to Workman's Motion to Dismiss at p. 18 ("The five day window had expired and it would have been frivolous to attempt to proceed out of time."); *see also* Plaintiff's Response to Motion to Dismiss by Wilson and Bartling at p. 2 ("Defendant Wilson did not give notice to the Plaintiff and withheld the exemption form causing Plaintiff to miss filing exemptions to the court within the five day limitation period.").

8

Under the statute, the five-day period did not begin until he actually received the exemption form. *See supra* p. 8. Even when the five-day period ended, Mr. Clark had the opportunity to claim an exemption by filing a motion. *See supra* pp. 8. Indeed, during the pendency of the present action, Mr. Clark took advantage of this opportunity by filing a motion in state court to assert an exemption.[10] Based in part on the pendency of this motion, the undersigned recommended dismissal of an injunction request against another defendant[11] and the Plaintiff voluntarily withdrew his state court motion seven days later.[12]

Notwithstanding the voluntary dismissal of his motion in state court, Mr. Clark obviously could have asserted an exemption from the garnishment when he sued Mr. Wilson and Ms. Bartling in the present action. Thus, if the exemption form had been withheld, the injury to Mr. Clark could not have been regarded as irreparable.

---

[10]   Motion to Exempt Wages and Release Funds to Prevent Undue Hardship, *Robinson v. Clark*, Case No. CJ-2005-612 (Canadian Co. Dist. Ct. Sept. 29, 2008); *see also St. Louis Baptist Temptle, Inc. v. Federal Deposit Insurance Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("it has been held that federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue" (citations omitted)).

[11]   Report and Recommendation at p. 17 & n.23 (W.D. Okla. Dec. 1, 2008).

[12]   Motion to Dismiss, *Robinson v. Clark*, Case No. CJ-2005-612 (Canadian Co. Dist. Ct. Dec. 8, 2008).

In these circumstances, the injunction demand should be dismissed for failure to state a claim on which relief can be granted.[13]

C.    Summary

Mr. Clark has failed to plead facts that would permit a finding of irreparable injury when the amended complaint was filed. Accordingly, the Court should dismiss the official capacity prayer for an order requiring either Ms. Bartling or Mr. Wilson to release Mr. Clark's prison account or pay 10% of the prison wages to the judgment creditor. The defect is not curable, and the dismissal should be with prejudice. *See supra* p. 3.

V.    INDIVIDUAL CAPACITY CLAIMS: SUFFICIENCY OF THE ALLEGATIONS INVOLVING PERSONAL PARTICIPATION

The Court should dismiss the personal capacity claims against Ms. Bartling because the amended complaint lacks any allegations suggesting her participation in the underlying acts. But this holding would not affect the individual capacity claims against Mr. Wilson.

A.    Standard for Liability

Individual liability under Section 1983 must be based on personal involvement in the alleged constitutional violation. *See Foote v. Spiegel,* 118 F.3d 1416, 1423 (10th Cir. 1997). A defendant's participation can be direct or indirect. *See Snell v. Tunnell,* 920 F.2d 673, 700 (10th Cir. 1990) ("For liability under section 1983, direct participation is not necessary.").

---

[13]     *See Heron v. Denver,* 317 F.2d 309, 311 (10th Cir. 1963) (upholding the denial of a permanent injunction when the plaintiff had failed to show that the threat of injury was substantial and irreparable).

Under Section 1983, a supervisor cannot incur strict liability based solely on a subordinate's constitutional violation. *See Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir. 1996) (stating that strict supervisory liability does not exist under Section 1983). Instead, civil liability exists only for the supervisor's "own culpable involvement" in the constitutional violation.[14] Thus, "it is not enough for a plaintiff merely to show a defendant was in charge of other state actors who actually committed the violation." *Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir. 1996). Instead, the Plaintiff must allege facts suggesting "active participation or acquiescence of the supervisor in the constitutional violation by the subordinates." *Serna v. Colorado Department of Corrections*, 455 F.3d 1146, 1151 (10th Cir. 2006) (citations omitted).

B.     Defendant Bartling

For Ms. Bartling, Mr. Clark expressly disavows liability based on a theory of *respondeat superior*. Plaintiff's Response to Motion to Dismiss by Wilson and Bartling at pp. 12-13. Instead, the Plaintiff alleges direct participation,[15] but his theory is based on Ms. Bartling's actions in her supervisory role as the acting "Director Designee" for the DOC.[16] This argument is invalid.

---

[14]     *Serna v. Colorado Department of Corrections*, 455 F.3d 1146, 1151 (10th Cir. 2006) ("Supervisors are only liable under § 1983 for their own culpable involvement in the violation of a person's constitutional rights.").

[15]     Plaintiff's Response to Motion to Dismiss by Wilson and Bartling at pp. 13-16.

[16]     Amended Complaint at pp. 2, 5.

11

The Tenth Circuit Court of Appeals held in *Larson v. Meek* that "denial of [a] grievance[] alone [would be] insufficient to establish personal participation in the alleged constitutional violations."[17]   Under this decision, Ms. Bartling's affirmance of the administrative ruling would not create liability.

The Plaintiff attempts to distinguish *Larson v. Meek*, stating that the opinion was unclear about the prison official's authority to act on the inmate's grievance.   Reply to Defendant Workman's Second Reply, Document Number 40 (Sept. 29, 2008).[18]   The distinction is unsupportable.   In *Larson*, the inmate plaintiff identified the official as the "Step III grievance officer" and the complaint alleged that he had failed to act on multiple grievances.   Prisoner's Amended Complaint at p. 13, *Larson v. Meek*, Case No. 02-N-1922 (CBS) (D. Colo. Oct. 5, 2007).   And on appeal, the defendant conceded that the plaintiff had alleged involvement in the underlying incident through denial of the Step III grievance. Defendants-Appellees' Answer Brief at p. 20, *Larson v. Meek*, Case No. 04-1169 (10th Cir. Feb. 22, 2005) ("As to Gillespie, even under plaintiff's new allegations, his only involvement was his January 4, 2002 denial of the Step III grievance . . . .").   In *Larson v. Meek*, the parties had squarely presented the issue of personal liability based on rejection of an

---

[17]     *Larson v. Meek*, 240 Fed. Appx. 777, 780 (10th Cir. June 14, 2007) (unpublished op.); *accord Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (*per curiam*) (denial of a grievance does not state a substantive constitutional claim).

[18]     Mr. Clark adopted this brief in his objection to Ms. Bartling's motion to dismiss.   Plaintiff's Response to Motion to Dismiss by Wilson and Bartling at p. 19.

administrative appeal. The *Larson* court answered in the negative,[19] and the Western District of Oklahoma should do the same on the claims against Ms. Bartling.

Mr. Clark's reliance of *Williams v. Beard*, 482 F.3d 637 (3d Cir. 2007), is misplaced. There the plaintiff filed a grievance, alleging a failure to protect him from an assault. *See Williams v. Beard*, 482 F.3d at 638. The sole issue in *Williams* was whether the inmate had committed a procedural default in the administrative process through a failure to name the culpable official in the grievance. *See id.* at 639-40. The *Williams* court never discussed whether the officer's participation in the administrative proceedings could create liability in the absence of a procedural default. *See id., passim.* Thus, *Williams* has no bearing on the issue of personal participation.

Mr. Clark also contends that Ms. Bartling had "failed to intervene to correct the constitutional violation [committed by Defendant Wilson]."[20] This Court recently rejected a similar contention in *Starks v. Lewis*, 2008 WL 2570960, Westlaw op. at 1-3 (W.D. Okla. June 24, 2008) (unpublished op.), *aff'd*, 2009 WL 427108 (10th Cir. Feb. 23, 2009) (unpublished op.).

_____

[19]     *Larson v. Meek*, 240 Fed. Appx. 777, 780 (10th Cir. June 14, 2007) (unpublished op.) (stating that an official's denial of grievances is not sufficient to establish personal participation in the alleged constitutional violation); *see supra* p. 12.

[20]     Plaintiff's Response to Motion to Dismiss by Wilson and Bartling at p. 14; *see also* Amended Complaint at p. 2 ("Defendant [Bartling] . . . violated Plaintiff's property rights guaranteed by federal law by affirming Defendant Workman's 'Grievance' response to deprive Plaintiff of his property."); *id.* at p. 7 ("Defendant[] . . . Bartling aided, encouraged and affirmed Defendant Wilson's action."); Plaintiff's Reply to [Doc. #52 Reply to Response to Motion to Dismiss at pp. 2-3 (Dec. 3, 2008) ("Ms. Barkling [sic] signed and approved Mr. Wilson's act to freeze Plaintiff's account.").

In *Starks*, the plaintiff attributed liability to the warden, Defendant Miller, based on his "fail[ure] 'to correct and abate the wrongs' during the grievance process." *Id.*, 2008 WL 2570960, Westlaw op. at 3 (citation omitted). Defendant Miller filed a motion to dismiss, arguing that the plaintiff had failed to properly allege personal participation. *Id.*, 2008 WL 2570960, Westlaw op. at 1-2, 7. The Western District of Oklahoma granted the motion to dismiss and explained:

> Plaintiff's only claim against Defendant Miller is that he put the warden on notice of the alleged conduct by Defendant Lewis through the inmate grievance process, that Defendant Miller failed in his duty to correct the wrongful conduct and that Miller, in his supervisory position, therefore condoned Lewis' actions. To the extent Plaintiff contends that Defendant Miller is liable in his "supervisory capacity" as warden of LCF, he misapprehends the legal concept of §1983 liability, which requires an "affirmative link" between a supervisor and a subordinate's unconstitutional conduct. A supervisor's liability must be premised on his or her own conduct. Plaintiff fails to make the requisite affirmative link with respect to his allegation that Lewis retaliated against Plaintiff in his respect to a request to staff. Plaintiff's allegation that Defendant Miller did not sufficiently address all issues raised in the grievance, fails to make the requisite "affirmative link" between Defendant Miller and any alleged retaliation by Defendant Lewis.
>
> . . . .
>
> Therefore, the undersigned finds that Plaintiff has made no showing that Defendant Miller was "personally involved" in any constitutional violation-an essential element of a §1983 claim.

*Id.*, 2008 WL 2570960, Westlaw op. at 1-2, 7-8 (citations omitted). This decision was upheld on appeal. *Starks v. Lewis*, 2009 WL 427108 (10th Cir. Feb. 23, 2009) (unpublished op.).

*Starks v. Lewis* is persuasive.  Like the claimant there, Mr. Clark urges liability of a supervisory official for failure to intervene through the administrative process.  *See supra* p. 13.  The reasoning in *Starks* would mandate rejection of Mr. Clark's theory.

The Plaintiff's allegations are insufficient to state a valid cause of action against Ms. Bartling in her personal capacity.  As a result, the individual capacity claims against her should be dismissed.  The dismissal should be with prejudice, as Mr. Clark cannot cure the defect involving reliance on Ms. Bartling's role in the administrative appeal.[21]

C.   Defendant Wilson

By adopting Mr. Workman's motion, Mr. Wilson also appears to seek dismissal for failure to allege his personal participation in the underlying events.  *See* Motion to Dismiss by Defendant Workman at p. 3; *see also supra* note 3.  The Court should reject this argument because Mr. Clark has sufficiently alleged Mr. Wilson's participation in the underlying constitutional violations.

In the amended complaint, the Plaintiff alleged:

- "Mr. Leon Wilson . . . did not provide advanced notice [of the account hold] as required by procedural due process."[22]

- "Defendant [Wilson] failed to deliver his 'answer to the summons' to the Plaintiff and to mail by first-class mail a copy of the notice of garnishment and

---

[21]     *See Larson v. Meek*, 240 Fed. Appx. 777, 780 (10th Cir. June 14, 2007) (unpublished op.) (stating that the inadequacy of allegations involving supervisory liability, based on the denial of grievances, was "fatal to [the plaintiff's] case [and could not] be corrected by amending the complaint"); *see also supra* p. 3.

[22]     Amended Complaint at p. 4.

exemptions and the application for hearing denying Plaintiff meaningful access to the court."[23]

- "It was unreasonable for Defendant Wilson to freeze Plaintiff's account without notice. . . ."[24]

- "It was unnecessary and unreasonable for Defendant Wilson to withhold the exemption form until after the date to file for the exemptions had expired causing Plaintiff to loose [sic] his bid for exemptions."[25]

- "Plaintiff was denied access to the courts when Defendant Wilson withheld the garnishment exemption form which Plaintiff had to return to the court within five (5) days."[26]

Mr. Clark also alleges that Mr. Wilson's actions had involved retaliation for the exercise of First Amendment rights. Amended Complaint at pp. 6-7; *see* Plaintiff's Response to Motion to Dismiss by Wilson and Bartling at pp. 2, 16-18.

These allegations suggest direct participation by Mr. Wilson on the claims involving procedural due process under the Fourteenth Amendment, denial of court access, and retaliation. Accordingly, the Court should reject Mr. Wilson's argument for dismissal based on the absence of personal participation.

---

[23]   Amended Complaint at p. 2.

[24]   Amended Complaint at p. 6.

[25]   Amended Complaint at p. 6.

[26]   Amended Complaint at p. 7.

16

## VI.   INDIVIDUAL CAPACITY CLAIMS FOR DAMAGES: QUALIFIED IMMUNITY

With this report, individual capacity claims for monetary relief would remain against

Mr. Wilson.  *See supra* p. 6-16.  These claims involve:

- denial of court access through a failure to provide Mr. Clark with exemption forms relating to the garnishment

- retaliation for the exercise of First Amendment rights and

- deprivation of procedural due process for failure to provide notice or a hearing prior to placement of the hold on Mr. Clark's account.

*See id.*

Mr. Wilson does not present arguments for qualified immunity that would affect the

claims involving retaliation or denial of court access for failure to provide the exemption

forms relating to the garnishment.  *See* Motion to Dismiss by Defendant Workman at pp. 10-

17

12, *see also supra* note 3.[27]  As a result, the Court should decline to consider qualified immunity on these claims.

On the procedural due process claim, Mr. Wilson does urge qualified immunity. Motion to Dismiss by Defendant Workman at p. 11; *see supra* note 3.  But Mr. Wilson's arguments would not establish qualified immunity as a matter of law.

---

[27]    In the amended complaint, Mr. Clark raised the claims involving retaliation and denial of court access.  *See* Amended Complaint at pp. 2-7.  In the motion to dismiss, Defendant Workman argued that he was entitled to qualified immunity on the procedural due process claim, but did not address the other claims.  *See* Motion to Dismiss by Defendant Workman at p. 11.  Defendant Wilson adopted this dispositive motion.  *See supra* note 3.  In response to the dispositive motions, Mr. Clark reasserted the claims involving retaliation and a denial of access to the courts.  *See* Plaintiff's Response to Workman's Motion to Dismiss at pp. 8-9; Plaintiff's Response to Motion to Dismiss by Wilson and Bartling at pp. 2, 4, 11-12, 16-18.  In reply, the Defendants addressed the denial of court access, but did not discuss the alleged retaliation.  Reply to Plaintiff's Response to Defendants' Motion to Dismiss at pp. 2-5 (Sept. 22, 2008); Reply to Response to Motion to Dismiss at pp. 2-4 (Nov. 25, 2008).  The Court cannot consider Mr. Wilson's arguments, as they were not part of the original dispositive motion that had been adopted.

The Tenth Circuit Court of Appeals addressed similar circumstances in *McCormick v. City of Lawrence*, 99 Fed. Appx. 169 (10th Cir. Apr. 26, 2004) (unpublished op.).  There a defendant filed a motion to dismiss, claiming that he was entitled to qualified immunity.  *See McCormick v. City of Lawrence*, 99 Fed. Appx. at 175.  The district court granted the motion on one claim, but denied the argument on other causes of action.  *See id.*  The defendant filed a motion for reconsideration and in a subsequent reply, he presented evidence in defense of one of the remaining claims.  The court denied relief, stating that the argument in the reply had been raised too late.  *Id.* at 176.  The Tenth Circuit Court of Appeals framed the issue as "whether the district court may consider evidence and issues raised by the party moving for summary judgment in a reply brief without allowing the opposing party to respond."  *Id.*  The appellate court affirmed, holding that the district court did not abuse its discretion in refusing to consider the arguments and exhibits submitted in the defendant's reply brief.

*McCormick v. City of Lawrence* is persuasive.  *See* Tenth Cir. R. 32.1(A).  Like the defendant there, Mr. Wilson waited until the reply brief to address qualified immunity on the claim concerning a denial of court access.  Accordingly, the Court should not entertain the argument.

18

A.    Standard for Qualified Immunity

In light of the assertion of qualified immunity, Mr. Clark must identify a specific

constitutional right and show that it had been "clearly established" before the alleged

misconduct. *See Mata v. Saiz*, 427 F.3d 745, 749 (10th Cir. 2005).  In order for the law to

be clearly established:

- there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains,[28] or

- the law's contours must be sufficiently clear that a reasonable official would understand that his conduct violated the plaintiff's constitutional rights.[29]

Under the latter scenario, the court can ask whether circumstances would have

prevented the official from knowing that the actions were unconstitutional. *Gomes v. Wood*,

451 F.3d 1122, 1134 (10th Cir. 2006).  Examples include reliance on the advice of counsel

or a state statute. *See id.*

B.    Procedural Due Process

Mr. Clark alleges denial of procedural due process through the placement of a hold

on his prison account without notice or a hearing. *See supra* p. 17.  In response, Mr. Wilson

contends:

- Mr. Clark lacked a protected liberty interest in his prison account and

---

[28]    *See Medina v. City and County of Denver*, 960 F.2d 1493, 1498 (10th Cir. 1992).

[29]    *See Hope v. Pelzer*, 536 U.S. 730, 739 (2002).

- Mr. Clark ultimately obtained procedural due process through the prison's administrative grievance system and available state court remedies.

Motion to Dismiss by Defendant Workman at p. 11; *see supra* note 3.[30]  The Court should reject these contentions.

<u>Allegations of a Constitutional Violation</u>

In adopting Mr. Workman's motion, Mr. Wilson apparently argues that the Plaintiff lacked a protected liberty interest in his prison account.  Motion to Dismiss by Defendant Workman at p. 11; *see supra* note 3.  The argument is invalid, and Mr. Clark has sufficiently alleged a constitutional violation.

The Tenth Circuit Court of Appeals has squarely held that inmates enjoy a property interest in funds which remained in their prison trust accounts after all mandatory deductions. *Gillihan v. Shillinger*, 872 F.2d 935, 938 (10th Cir. 1989); *see also infra* note 36.

Mandatory deductions could include:

- up to 80% of the funds in an inmate's account  for payment of creditors[31] or

- state ordered court costs up to 10% of the account.[32]

---

[30]    Mr. Wilson also argues that he was not personally involved in placement of the hold. Motion to Dismiss by Defendant Workman at p. 11; *see supra* note 3.  As discussed above, however, this argument is invalid.  *See supra* pp. 15-16.

[31]    *See* Okla. Stat. tit. 57 § 549(A)(5) (2001) (authorizing the DOC "to establish the percentages of such wages . . . which shall be available for apportionment . . . for payment of creditors" as long as at least 20% is "placed in an account" and is "payable to the prisoner upon his or her discharge").

[32]    *See* DOC OP-120230(I)(D) (authorizing deduction of 10% of net pay for "State court ordered costs").

Even if such deductions had been made to satisfy the garnishment, some amount of money would have remained in Mr. Clark's account. Because the Plaintiff alleged a "hold" on his entire account,[33] his allegations would support entitlement to procedural due process under the Fourteenth Amendment.[34]

<u>The Law Was "Clearly Established" at the Time of the Alleged Violation</u>

In adopting Mr. Workman's motion, Mr. Wilson also apparently urges qualified immunity based on Mr. Clark's opportunity to seek redress through the prison grievance system and state court. Motion to Dismiss by Defendant Workman at p. 11; *see supra* note 3. The Court should reject this argument. According to the Plaintiff, Mr. Wilson had allegedly acted in accordance with prison policy when he placed the hold on Mr. Clark's account.[35] Because the complaint indicates knowing conduct, the trier of fact could find entitlement to a predeprivation hearing.

The Tenth Circuit Court of Appeals reached a similar conclusion in *Gillihan v. Shillinger*, 872 F.2d 935 (10th Cir. 1989). There the plaintiff claimed deprivation of

---

[33]     Amended Complaint at p. 4; *see* Plaintiff's Response to Motion to Dismiss by Wilson and Bartling at p. 14.

[34]     *See Gillihan v. Shillinger*, 872 F.2d at 939 ("[State] statutes create a legitimate expectation that money not used for the specified reasons will be returned to the inmate at the end of his incarceration and, therefore, create a protected property interest in the funds."); *see also supra* p. 20.

[35]     *See* Plaintiff's Response to Workman's Motion to Dismiss at p. 3 (referencing Defendant Wilson's "non-discretionary decision to freeze Plaintiff's account"); Plaintiff's Response to Motion to Dismiss by Wilson and Bartling, Affidavit by Mr. Clark (stating that his account had been "frozen by the Business office"). Mr. Wilson does not discuss whether he had acted in accordance with prison policy.

procedural due process when prison officials deducted costs from his prison account. *See*

*Gillihan v. Shillinger*, 872 F.2d at 937. The defendants opposed a due process claim on

grounds that the plaintiff had access to administrative and state post-deprivation remedies.

*See id.* at 939. But the court explained that such access would only prevent liability if the

taking had resulted from a state employee's random and unauthorized act. *Id.* Because

prison officials had acted pursuant to an established policy, a predeprivation hearing was

necessary:

> [W]hen the deprivation is not random and unauthorized, but is pursuant to an
> affirmatively established or *de facto* policy, procedure, or custom, the state has
> the power to control the deprivation and, therefore, generally must, in the
> absence of compelling reasons to the contrary, give the plaintiff a
> predeprivation hearing. In such cases, the availability of an adequate state
> post-deprivation remedy is irrelevant and does not bar a § 1983 claim.[36]

Mr. Clark has alleged facts that support placement of the "hold" pursuant to prison

policy. Amended Complaint at pp. 4-5; *see supra* note 33. Under *Gillihan*, the Court should:

- conclude that the law was clearly established regarding the Plaintiff's
  entitlement to a predeprivation hearing prior to the hold and

- reject Mr. Wilson's argument involving access to post-deprivation remedies.

---

[36]    *Gillihan v. Shillinger*, 872 F.2d 935, 939 (10th Cir. 1989) (citations omitted); *see also Sniadach v. Family Finance Corporation of Bay View*, 395 U.S. 337, 340 (1969) (holding that a state garnishment law created a due process violation by authorizing the freezing of wages before the debtor could be heard).

## VII.   INDIVIDUAL CAPACITY CLAIMS FOR DECLARATORY RELIEF

Mr. Clark also seeks declaratory relief against Mr. Wilson in his individual capacity. *See supra* p. 1. These claims should remain for trial because Mr. Wilson does not address them in his motion to dismiss.[37]

## VIII.   RECOMMENDATION AND NOTICE OF THE RIGHT TO OBJECT

With respect to the claims against Ms. Bartling, the Court should:

- dismiss with prejudice all claims arising under the Fifth Amendment

- dismiss with prejudice the other individual capacity claims for failure to allege personal participation and

- dismiss with prejudice the remaining official capacity claims for a permanent injunction.

With respect to the claims against Mr. Wilson, the Court should:

- dismiss with prejudice the claims arising under the Fifth Amendment

- dismiss with prejudice the other official capacity claims for a permanent injunction

- reject the Defendant's theory concerning lack of personal participation on the individual capacity claims and

- reject the Defendant's qualified immunity argument on the individual capacity claims involving retaliation and deprivation of procedural due process.

---

[37]   Mr. Clark asserted similar claims against Ms. Bartling. *See supra* p. 1. But these claims should be dismissed based on Ms. Bartling's lack of personal participation in the alleged violations. *See supra* pp. 11-15.

The suggested rulings would leave the individual capacity claims against Mr. Wilson for monetary and declaratory relief arising out of retaliation, denial of court access, and deprivation of procedural due process under the Fourteenth Amendment.

The parties can object to the present report and recommendation. Any such objection must be filed with the Clerk of this Court by March 17, 2009. *See* W.D. Okla. LCvR 72.1. The failure to timely object would foreclose appellate review of the suggested rulings.[38]

IX.    STATUS OF THE REFERRAL

The referral is not terminated.

Entered this 25th day of February, 2009.

Robert E. Bacharach
United States Magistrate Judge

---

[38]    *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *cf. Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").