IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HERMAN T. CLARK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case Number CIV-08-05-C |
| | ) |
| JUSTIN JONES, Director, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a prisoner proceeding pro se, filed the present action alleging a variety of constitutional claims arising out of the freezing of his inmate trust account. The case was referred to United States Magistrate Judge Robert E. Bacharach, consistent with the provisions of 28 U.S.C. § 636(b)(1)(B), for initial proceedings. After the Court disposed of a number of claims against various defendants on their motions to dismiss, Defendant Wilson filed a motion for summary judgment, seeking adjudication in his favor of all the remaining claims. Judge Bacharach issued a Report and Recommendation (R&R) on July 22, 2009, and Defendant Wilson filed an objection on August 11, 2009.

Judge Bacharach accurately set out the facts of this case in his R&R, and there is no need to repeat them here. The R&R recommended that the Court grant Defendant Wilson's motion for summary judgment with respect to all claims except for Plaintiff's due process claim concerning the freezing of his trust account without notice. Defendant Wilson specifically objects to the portion of the R&R denying his motion for summary judgment. Because the

objection was properly filed, the Court must determine de novo the disputed portion of the R&R.  See Fed. R. Civ. P. 72(b)(3).

A motion for summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact."  Fed. R. Civ. P. 56(c).  Material facts are those that may affect the outcome of the litigation under applicable substantive law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute is genuine only if it is such that a reasonable jury could find in favor of the nonmoving party.  Id.  The moving party bears the burden of demonstrating the lack of a genuine issue about any material facts.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). Once this burden is met, the nonmoving party must then respond and introduce specific facts demonstrating a genuine issue of material fact.  Fed. R. Civ. P. 56(e)(2).  When deciding a motion for summary judgment, the court may only consider admissible evidence and must "view the facts and draw reasonable inferences 'in the light most favorable to the party opposing the [summary judgment] motion.'"  Scott v. Harris, 550 U.S. 372, 378 (2007) (quoting United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam)); Gross v. Burggraf Constr. Co., 53 F.3d 1531, 1541 (10th Cir. 1995).

To determine whether Plaintiff was denied procedural due process, the Court must engage in a two-part inquiry:  "'"(1) did the individual possess a protected interest such that the due process protections were applicable; and, if so, then (2) was the individual afforded an appropriate level of process."'"  Watson v. Univ. of Utah Med. Ctr., 75 F.3d 569, 577 (10th Cir. 1996) (quoting Hatfield v. Bd. of County Comm'rs, 52 F.3d 858, 862 (10th Cir. 1995)).  The

Court is convinced that the funds in an inmate trust account constitute a property interest that is protected by the Due Process Clause.

The next step, then, is for the Court to determine whether Plaintiff has been afforded an appropriate level of process. At a minimum, the Due Process Clause requires that Plaintiff be given notice of the potential deprivation of his liberty interest along with the opportunity to be heard "'at a meaningful time and in a meaningful manner.'" Fuentes v. Shevin, 407 U.S. 67, 80 (1972) (citation omitted). Although Plaintiff was not given notice of the garnishment summons prior to the time his inmate trust account was frozen, he did receive notice of the underlying lawsuit and judgment rendered against him. In addition, Plaintiff was given notice, though it appears to be untimely, of the garnishment summons and had the opportunity to contest the execution in the garnishment proceedings, which he did.

Under Oklahoma law, from the moment a garnishment summons is served on a third-party garnishee, the garnishee becomes liable to the creditor for the judgment debtor's debt in the amount of money or assets in the garnishee's possession at that time. See 12 Okla. Stat. § 1185. Based on this provision, Oklahoma courts consistently hold that a garnishment lien arises at the moment the summons is served on the garnishee. See DPW Employees Credit Union v. Tinker Fed. Credit Union, 1996 OK CIV APP 106, ¶ 8, 925 P.2d 93, 95. Although the creditor is not entitled to the money or property in the garnishee's possession at the time of service, the "service of the garnishment process suspends the [judgment debtor]'s right to demand possession of the property or payment of the debt." Berry-Beall Dry Goods Co. v. Adams, 1922 OK 326, ¶ 9, 211 P. 79, 81.

When a garnishment summons is issued, the garnishee, if in possession of property or money belonging to the judgment debtor, is required to mail a copy of the notice of garnishment and exemptions and the application for hearing to the judgment debtor. See 12 Okla. Stat. § 1172.2. In the garnishee's answer to the summons, which must be filed within ten days of receipt of summons, the garnishee must indicate that he or she has complied with this notice requirement. See 12 Okla. Stat. § 1173.3. If a judgment debtor is not properly served with the garnishment summons and does not enter a general appearance in the garnishment action, then the proceeding is a nullity. La Bellman v. Gleason & Sanders, Inc., 1966 OK 183, ¶ 22, 418 P.2d 949, 955.

The Court finds that genuine issues of material fact exist sufficient to preclude summary judgment at this time. Neither party disputes that Plaintiff was not served with the garnishment summons until mid-October, 2007. The summons itself is dated June 27, 2007. The fact that Plaintiff was unable to contest the garnishment proceedings until almost four months after the summons was issued could constitute a due process violation because his account remained frozen. Absent Defendant Wilson's submission of additional facts indicating when DOC was served with the summons, when it filed an answer in the garnishment proceedings, and when Plaintiff was given the opportunity to contest the state court action, the Court cannot state that no constitutional violation occurred. If Defendant Wilson has access to such documentation from the underlying proceeding, he may file a second motion for summary judgment.

In addition, the Court finds that Defendant Wilson is not entitled to qualified immunity. This doctrine "protects government officials 'from liability for civil damages insofar as their

4

conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Pearson v. Callahan, ___ U.S. ___, 129 S.Ct. 808, 815 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). In order for Defendant Wilson to prevail on this claim, the Court must determine whether the facts shown by Plaintiff demonstrate a constitutional violation and whether the right at issue was clearly established at the time of Defendant Wilson's conduct. Id. at 815-16.

Based on the overwhelming authority found in Oklahoma statutory and decisional law, it was clearly established at the time of Defendant Wilson's actions that a garnishee was required to send notice to the judgment debtor of the garnishment proceedings within ten days of receiving the summons. Defendant Wilson is therefore not entitled to qualified immunity on Plaintiff's due process claim.

Accordingly, the Court adopts the R&R (Dkt. No. 93) in its entirety. Defendant Wilson's Motion for Summary Judgment (Dkt. No. 88) is GRANTED IN PART and DENIED IN PART. Plaintiff's due process claim relating to the freezing of his inmate trust account remains.

IT IS SO ORDERED this 14th day of September, 2009.

ROBIN J. CAUTHRON
United States District Judge